THE STATE OF KANSAS v. JOHN E. TURNER.

No. 12,340.   (65 Pac. 217.)

SYLLABUS BY THE COURT.

1. CRIMINAL PRACTICE—*Plea in Abatement.*   A plea in abatement
to an indictment, on account of irregularity in the selection or
drawing of a grand jury, should not be entertained unless, in the
opinion of the court, such irregularity amounts to corruption.

2. TEXAS FEVER—*Knowledge Presumed — Statute Construed.*
Section 7423, General Statutes of 1901, provides a rule of evidence
in actions or prosecutions under, or for the violation of, section
7420, General Statutes of 1901, making it a misdemeanor to drive
into the state cattle capable of communicating or liable to impart
Texas, splenic or Spanish fever.

Appeal from Montgomery district court ; A. H. SKID-
MORE, judge.   Opinion filed June 8, 1901.   Division
one.   Affirmed.

*A. A. Godard,* attorney-general, *John Callahan,* and
*Luther Freeman,* for The State.

*Dooley & Keith,* for appellant.

The opinion of the court was delivered by

GREENE, J. : The appellant and another were in-
dicted by the grand jury of Montgomery county, the
charging part of the indictment reading as follows :

"That John E. Turner and Dan Late, late of said
county and state, on or about the 25th day of May,
A. D. 1897, at the said county of Montgomery and
state of Kansas, the said John E. Turner and Dan
Late then and there being, did then and there, unlaw-
fully and knowingly, drive into said county of Mont-
gomery and state of Kansas about sixty head of
cattle, well knowing that said cattle then and there
being were capable of communicating, and liable to
impart, to native cattle, what is known as Texas,
splenic or Spanish fever."

To this the appellant filed a plea in abatement, alleging, in substance, that the officers drawing the grand jury drew the names of sixteen persons, when they were only authorized by the order of the court to draw the names of fifteen persons; that no record was kept of such proceedings at the time; that no record was kept of the fact that a petition signed by 100 taxpayers was presented to the judge of said court twelve days before the convening of the term of court at which the appellant was indicted, asking the judge to call a grand jury; that section 1, chapter 153, Laws of 1889 (Gen. Stat. 1897, ch. 102, §§ 94, 95), authorizing the calling and drawing of a grand jury, is unconstitutional and void; that the sixteenth man drawn as a grand juror was summoned, and served on the panel, while one of the original fifteen ordered to be drawn, and who was drawn, was not summoned to appear, although he lived in the county, within reach of the officer, and was in every way qualified; that no record was kept showing the fact that the foreman of the grand jury was sworn by the court to act as such foreman, and that the grand jury did not present the indictment in its present form to the court, but that the words "well knowing that," which appear as an interlineation in line 14, were not in the indictment when presented, but were inserted therein after the same had been presented to the court. The state filed an answer to this plea in abatement, and, upon the hearing, the court refused to permit the appellant to introduce any testimony tending to prove the allegations of his plea, but held that it stated no facts challenging the indictment. Upon this question we think the ruling of the court was correct. Section 5521, General Statutes of 1901, states:

1. Plea in abatement on account of irregularity in drawing grand jury.

The State v. Turner.

"No plea in abatement or other objections shall be taken to any grand jury duly charged and sworn, for any alleged irregularity in their selection, unless such irregularity in the opinion of the court amounts to corruption, in which case such plea or objection shall be received."

The contention that the indictment was altered after having been returned into court is not sufficiently alleged to show that it was not done by the grand jury under the direction of the court, or that it had not been returned by the order of the court to the grand jury for such correction. It is not alleged how, or by whom, it was so altered. It must be alleged that the alteration was wrongfully made, or made without authority, before it can be made available by a plea in abatement.

2. Alteration of indictment after its return.

After the plea in abatment was decided against appellant, he filed a motion to quash the indictment, for the reason that it did not contain facts sufficient in law to constitute a public offense. The contention upon this proposition is that the indictment does not charge specifically that the cattle were driven by appellant into Montgomery county between the 1st day of February and the 1st day of December, as provided in section 7423, General Statutes of 1901. The indictment charges that they were driven into Montgomery county on or about the 25th day of May, 1897, and, as there is but one month of May in each year, and that month comes between February and December, and not between December and February, we think that the date alleged was a sufficient statement that the cattle were so driven between February and December.

3. Allegation of time held sufficient.

Another error complained of by appellant is the ad-

mission of certain testimony. The record is not paged, nor do counsel, in their brief, refer us to the place where this may be found in the record. Rule 9 of this court provides :

"Counsel for the plaintiff in error shall number the pages of the record, and shall fully index the pages, showing the pleadings, testimony, instructions, verdict, findings, and all other material parts of the record, before the clerk shall receive or file it ; and the clerk shall prepare for the court a copy of the same, numbering the pages as in the original, unless a copy has been furnished by the plaintiff in error, as allowed by statute."

4. Rule for paging brief not followed.

We do not feel it the duty of the court to examine a record which is not paged to find some alleged error in the admission of testimony. If a litigant desires that we do so, it is his duty not only to page the record, but also to refer, in his brief, to the page of the record where such testimony may be found. It is the duty of counsel in all cases to index and page the record.

The last contention of appellant is that the indictment charged the defendant under section 7420, General Statutes of 1901, which reads as follows :

"No person or persons shall, between the first day of February and the first day of December of any year, drive or cause, to be driven into or through any county or part thereof in this state, or turn upon or cause to be turned or kept upon any highway, range, common or pasture within this state, any cattle capable of communicating or liable to impart what is known as Texas, splenic or Spanish fever. Any person violating any provisions of this act shall upon conviction thereof be adjudged guilty of a misdemeanor, and shall for each offense be fined not less than five hundred dollars nor more than two thousand dollars, or be imprisoned in

5. Knowledge presumed—statute construed.

the county jail not less than thirty days and not more than one year, or by both such fine and imprisonment.''

He contends that, therefore, the court erred in permitting the state to prove that the appellant had driven said cattle from south of the thirty-seventh parallel of north latitude into Montgomery county, on or about the 25th day of May, 1897, for the purpose of showing that appellant had knowledge that said cattle would communicate Texas, splenic or Spanish fever.   Section 7423, General Statutes of 1901, provides :

''In the trial of any person charged with the violation of any provisions of this act, and in the trial of any civil action brought to recover damages for the communication of Texas, splenic or Spanish fever, proof that the cattle which such person or persons are charged with shipping, driving or keeping, or which are claimed to have communicated the said diseases, were brought into this state from south of the thirty-seventh parallel of north latitude, shall be taken as *prima facie* evidence that such cattle were, between the first day of February and the first day of December of the year in which the offense was committed, capable of communicating and liable to impart Texas, splenic or Spanish fever, within the meaning of this act, and that the owner or owners or person or persons in charge of such cattle had full knowledge and notice thereof.''

The contention is that the information charged that the appellant drove these cattle into Montgomery county, Kansas, knowing that they were capable of communicating, and liable to impart to the native cattle, what is known as Texas, splenic or Spanish fever, and that, therefore, the state was confined in its proof to actual knowledge on the part of appellant. Under this statute, the fact that the cattle were driven

from south of the thirty-seventh parallel of north latitude into the county of Montgomery, state of Kansas, on or about the 25th of May, 1897, is *prima facie* evidence that they were capable of communicating, and liable to impart to the native cattle, what is known as Texas, splenic or Spanish fever, and that the owner or owners, or person or persons in charge of the same, had full knowledge and notice thereof. We think the court committed no error in permitting this fact to be shown for the purpose of proving knowledge on the part of appellant. This is one of the ways provided by the statute for proving knowledge.

Counsel, in their plea in abatement, assert that the law providing for the drawing and impaneling of a grand jury is unconstitutional and void, but they do not refer to this matter in their brief and we assume that it has been abandoned. We also think that the evidence supports the verdict.

The judgment is affirmed.

JOHNSTON, CUNNINGHAM, ELLIS, JJ., concurring.